IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN TALLEY, and ALICIA TALLEY, Husband and Wife,<br><br>   Plaintiffs,<br><br>-vs-<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a foreign for-profit insurance corporation,<br><br>   Defendant. | )<br>)<br>)<br>)<br>) Case No. CIV-21-682-F<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Defendant State Farm Fire and Casualty Company has moved, pursuant to Rule 12(b)(6), Fed. R. Civ. P., for an order dismissing the breach of contract and bad faith claims asserted against it by plaintiffs Kevin Talley and Alicia Talley. Doc. no. 3. Defendant asserts plaintiffs' claims are based upon the homeowner's insurance policy issued by defendant and are barred by the one-year limitations period set forth in that policy. Plaintiffs have responded, opposing dismissal. Doc. no. 8. Defendant has replied. Doc. no. 10. Upon due consideration, the court finds that defendant's motion should be denied.

An affirmative defense may be resolved on a Rule 12(b)(6) motion if "apparent on the face of the complaint." Dummar v. Lummis, 543 F.3d 614, 619 (10th Cir. 2008). Although the subject homeowner's insurance policy required the filing of any action "within one year after the date of loss or damage"[1] and plaintiffs'

---

[1] Doc. no. 3-2, ECF p. 25, ¶ 6. The court agrees with defendant that it may consider the homeowner's insurance policy, which defendant attaches as exhibit 2 to its motion, without

action was filed more than one year after the alleged date of loss or damage, the complaint alleges that several months prior to the expiration of the contractual limitations period, the Oklahoma Insurance Department issued a bulletin requiring property and casualty carriers, such as defendant, to extend all policyholder rights or benefits related to deadlines until 90 days after the expiration of the state of emergency issued by the Governor of the State of Oklahoma and that at the time of the filing of the complaint, the state of emergency was still in existence.  Given those factual allegations, which are accepted as true, the court cannot conclude that it is "apparent on the face of the complaint" that plaintiffs' action is time-barred.[2]  The court therefore concludes that dismissal of plaintiffs' claims under Rule 12(b)(6) based upon defendant's affirmative defense is not appropriate.[3]

Accordingly, State Farm Fire and Casualty Company's Motion to Dismiss, filed July 13, 2021 (doc. no. 3), is **DENIED**.

IT IS SO ORDERED this 9th day of August, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0682p001.docx

---

converting the motion to a motion for summary judgment under Rule 56, Fed. R. Civ. P.  The policy is referred to in the complaint, it is central to plaintiffs' claims, and plaintiffs do not challenge its authenticity.  See, GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] Defendant, in reply, argues the Oklahoma Insurance Department's bulletin is not binding law because it does not comply with the Oklahoma Administrative Procedure Act.  The court declines to consider this argument as it is raised for the first time in reply.  See, Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011).  Although the argument is raised in reply to an argument made by plaintiffs in their response brief, the argument could have been raised in defendant's motion given the allegations in plaintiffs' complaint.

[3] Based upon the court's ruling, the court need not address plaintiffs' arguments of waiver, equitable tolling, and inapplicability of the limitations period to the bad faith claim.